# STATE OF MICHIGAN

# COURT OF APPEALS

---

NORTH SHORE INJURY CENTER, INC.,

Plaintiff-Appellee,

v

GEICO GENERAL INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
March 21, 2017

No. 330124
Wayne Circuit Court
LC No. 14-008704-NF

---

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

SWARTZLE, J. (*concurring*).

I concur in the result. There is no question that defendant—"GEICO General Insurance Company"—did not insure the vehicle involved in the accident at issue here. Rather, the vehicle was insured by "GEICO Casualty Company," a separate, albeit similarly named, insurance company. Given this, I am not aware of any legal theory under which defendant could be held liable to the plaintiff under Michigan's no-fault regime.

I write separately to make clear that these proceedings were prolonged by defendant's own actions. In answer to plaintiff's interrogatories served early in the case, defendant answered "Yes" to the following question: "Is the name and entity of the Defendant correctly stated in the pleadings? If not, what corrections should be made?" One would have expected that, in answer to this interrogatory, defendant would have made clear that it was *not* the insurer of the vehicle and therefore not a proper defendant to this lawsuit. This ambiguous answer might have been an isolated matter and otherwise overlooked. But then defendant compounded the confusion when it simultaneously referred to itself as "GEICO General Insurance Company" in its summary disposition motion and "GEICO Casualty Company" in the attached brief in support.

While perfection in pleadings and papers may not be expected, diligence certainly is. Michigan Court Rule 2.309(B)(1) requires that, in answer to an interrogatory, a party must provide information that "is available" to it, and one would expect that a party would know its own name. Moreover, a lawyer who signs a document represents that the lawyer has read it and that it "is well-grounded in fact," and defendant's brief misstated a fundamental fact at issue here—defendant's name. MCR 2.114(D). I do not suggest that either of these were sanctionable errors; honest mistakes, of course, are made, especially in light of the similarity of defendant's and the insurer's names. But, I do highlight these matters to illustrate that plaintiff's confusion,

and the trial court's ire, are understandable given defendant's missteps below. If fees or costs are sought, then these considerations may be relevant to that proceeding.

/s/ Brock A. Swartzle